

Humberto M. Guizar, Esq., (SBN 125769)
  E-Mail: hguizar@ghclegal.com
**LAW OFFICES OF HUMBERTO GUIZAR**
3500 West Beverly Boulevard
Montebello CA 90640
Tel: (323) 725-1151; Fax.: (323) 597 0101

Christian Contreras, Esq. (SBN 330269)
  E-Mail: CC@Contreras-Law.com
Edwin S. Salguero, Esq. (SBN 344820)
  E-Mail: ES@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, Ca 90012
Telephone: (323) 435-8000

Attorneys for Plaintiff,
JOSHUA HATFIELD

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HATFIELD, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES POLICE DEPARTMENT, a public entity; CITY OF LOS ANGELES, a public entity; JUSTIN FREUND, an individual; JENNIFER ALVAREZ, and DOE 1 through 10, individually;<br><br>　　　　Defendants. | **CASE NO.: 2:24-cv-5076**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Excessive Force in Violation of the Fourth Amendment (42 USC § 1983);<br>2. Failure to Intervene (42 USC § 1983);<br>3. Municipal Liability – Unconstitutional Policies, Customs, Practices (*Monell*, 42 U.S.C. § 1983)<br>4. Municipal Liability – Failure to Train (*Monell*, 42 U.S.C. § 1983)<br><br>**DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1. This is a civil rights action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

3. Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

4. With respect to these supplemental state claims, Plaintiff requests that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances that underlie the federal claims.

**PARTIES**

5. Plaintiff JOSHUA HATFIELD, is and was, at all relevant times, an individual residing in Los Angeles County, California.

6. Defendant LOS ANGELES POLICE DEPARTMENT (hereinafter also "LAPD") is a public entity with the capacity to sue and be sued.[1] At all times relevant to the facts alleged herein, Defendant LAPD was responsible for law enforcement services in the CITY OF LOS ANGELES.

7. Defendant CITY OF LOS ANGELES (hereinafter also "CITY") is a public entity with the capacity to sue and be sued. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

8. Defendant JUSTIN FREUND is sued in his individual capacity and was, at all relevant times, an individual employed as a police officer of the Defendant LAPD, acting under color of law and within the course and scope of such employment.

9. Defendant JENNIFER ALVAREZ is sued in her individual capacity and was, at all relevant times, an individual employed as a police officer of the Defendant LAPD, acting under color of law and within the course and scope of such employment.

10. Each of the defendants caused, and is responsible for, the unlawful conduct and resulting injuries suffered by Plaintiff by, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or conduct; by failing and refusing to initiate and maintain adequate training and supervision; by failing to enact policies to address the constitutional rights of protesters despite the obvious need for such a policy; and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

11. Plaintiff is informed and believes and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the deprivation of Plaintiff's and decedent's constitutional rights and other harm.

12. Plaintiff is informed, believes, and thereupon alleges that, at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

13. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

14. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

15. At all relevant times, Defendants DOE Deputies 1-10, inclusive, were individuals employed as employees/deputies with the defendant LAPD, acting within the course and scope of that employment, under color of law.

16. Defendant CITY owns, operates, manages, directs and controls Defendant LAPD, also a separate public entity, which employs the other DOE Defendants in this action. At all times relevant to the facts alleged herein, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LAPD employees complied with the laws and the Constitutions of the United States and of the State of California.

17. Plaintiff is ignorant of the true names and capacities of Defendants DOE Deputies 1 through 10 ("DOE Defendants") and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend their complaint to state the names and capacities of each DOE Defendant when they have been ascertained.

18. The identities, capacities, and/or nature of involvement of the defendants sued as DOE Deputies 1 through 10 are presently unknown to the Plaintiff who therefore sue these defendants by fictitious names. Plaintiffs are informed, believe, and thereupon allege that DOE Deputies 1 through 10 include individual law enforcement personnel employed by the LAPD and the CITY, and that they were involved in some manner and are legally responsible for the wrongful acts and conduct alleged herein. Plaintiffs will amend this complaint to substitute the DOE Defendants' true names and capacities when they have been ascertained. Plaintiffs are informed, believe, and thereupon allege that each DOE defendant is a resident of California. Upon information and belief, DOE Deputies 1 through 10 were and still are residents of LOS ANGELES CITY, California. DOE Deputies 1 through 10 are sued in their individual capacity.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

19. On September 23, 2022 at approximately 12:30 A.M., JOSHUA HATFIELD was returning home from work. Upon his arrival to his residence in the area of 3700 Exposition Boulevard in Los Angeles, California, JOSHUA HATFIELD parked his vehicle in the driveway and began to exit.

20. Defendants JUSTIN FREUND and JENNIFER ALVAREZ, on duty as LOS ANGELES POLICE DEPARTMENT officers, were in the area apparently attempting to detain JOSHUA HATFIELD because he may have been speeding in his vehicle as JOSHUA HATFIELD was making his way home.

21. When JOSHUA HATFIELD was exiting his vehicle, JOSHUA HATFIELD was not engaged in any crime, there was no report of a crime concerning JOSHUA HATFIELD nor had anyone called law enforcement in connection with anything JOSHUA HATFIELD had done.

22. Furthermore, there were no articulable facts to support any suspicion that JOSHUA HATFIELD was armed with any weapon, including a firearm. JOSHUA HATFIELD was merely going home.

23. However, despite JOSHUA HATFIELD not being armed, not presenting a threat, and not in the process of committing a crime, Defendants JUSTIN FREUND and JENNIFER ALVAREZ approached JOSHUA HATFIELD with their firearms drawn ready to shoot JOSHUA HATFIELD.

24. As JOSHUA HATFIELD was exiting his vehicle and ready to walk inside his home, Defendant JUSTIN FREUND discharged two (2) rounds of fire at JOSHUA HATFIELD. Defendant JUSTIN FREUND used deadly force on JOSHUA HATFIELD twice. Defendant JUSTIN FREUND used deadly force on JOSHUA HATFIELD despite JOSHUA HATFIELD not presenting an imminent threat of death or serious bodily injury. In fact, JOSHUA HATFIELD was not at threat whatsoever and was unarmed when he was shot at.

///

25. Clealry, JOSHUA HATFIELD was not a threat whatsoever because he was merely exiting his vehicle and had his back towards the officers. The screenshot below shows the moment Defendant JUSTIN FREUND shot at JOSHUA HATFIELD:



26. After being shot at for no justifiable reason, JOSHUA HATFIELD then began to flee for his safety and to avoid being shot or killed by Defendant JUSTIN FREUND.

27. Defendant JENNIFER ALVAREZ had a duty to intervene/intercede in Defendant JUSTIN FREUND's unlawful and unconstitutional use of force but failed to do so.

28. Prior to using deadly force, Defendant JUSTIN FREUND did not give JOSHUA HATFIELD a warning that he was going to shoot or use deadly force.

29. In fact, Defendants JUSTIN FREUND and JENNIFER ALVAREZ failed to de-escalate the situation, failed to verbalize and failed to use tactics which would preserve the safety of all, including JOSHUA HATFIELD.

///

///

30. JOSHUA HATFIELD was subsequently taken into custody without incident. A firearm was never found on JOSHUA HATFIELD's person, never found in his vehicle, and never found in his residence.

31. Despite JOSHUA HATFIELD never being in possession of a weapon, Defendants JUSTIN FREUND and JENNIFER ALVAREZ alleged that JOSHUA HATFIELD assaulted them with a deadly weapon.

32. Accordingly, Defendants JUSTIN FREUND and JENNIFER ALVAREZ engaged in the use of excessive and unjustified force in violation of JOSHUA HATFIELD's Fourth Amendment rights.

## FIRST CLAIM FOR RELIEF

**For Excessive Force In Violation of The Fourth Amendment**

**(42 USC § 1983)**

**(By Plaintiff JOSHUA HATFIELD against Defendant JUSTIN FREUND)**

33. Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

34. The Fourth Amendment to the Constitution provides in part, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV. Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. *See Graham v. Connor,* 490 U.S. 386, 397 (1989).

35. At all relevant times, Defendant JUSTIN FREUND was acting under color of law.

36. As previously alleged, on September 23, 2022, Defendant JUSTIN FREUND used excessive and deadly force on JOSHUA HATFIELD. When Defendant JUSTIN FREUND discharged his firearm at JOSHUA HATFIELD twice, JOSHUA HATFIELD was not an imminent threat of death or serious bodily. Worse yet, there was no ongoing crime, no report of a crime, JOSHUA HATFIELD was not actively resisting arrest, nor was there any report from anyone concerning JOSHUA

HATFIELD.

37. When Defendant JUSTIN FREUND discharged his firearm at JOSHUA HATFIELD, JOSHUA HATFIELD was merely exiting his vehicle and had his back towards the officers not presenting a threat in any form.

38. Therefore, under the totality of the circumstances, Defendant JUSTIN FREUND's use of excessive and deadly force on JOSHUA HATFIELD was not objectively reasonable and was in violation of JOSHUA HATFIELD's Fourth Amendment rights.

39. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, JOSHUA HATFIELD sustained injuries and damages.

40. Defendant JUSTIN FREUND subjected JOSHUA HATFIELD to his wrongful conduct, depriving JOSHUA HATFIELD of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of JOSHUA HATFIELD and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiff to punitive damages allowable under 42 U.S.C. § 1983 and as provided by law.

41. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CLAIM FOR RELIEF

### Failure to Intervene

### (42 U.S.C. § 1983)

**(By Plaintiff JOSHUA HATFIELD against Defendant JENNIFER ALVAREZ)**

42. Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

43. The Ninth Circuit has clearly held that "police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir.2000) (citing *United States v. Koon*, 34 F.3d 1416, 1447 n. 25 (9th Cir.1994), rev'd on other grounds,

518 U.S. 81 (1996)). "[O]fficers can be held liable for failing to intercede only if they had an opportunity to intercede." *Cunningham*, 229 F.3d 1289. "[T]he constitutional right violated by the passive defendant is analytically the same as the right violated by the person who strikes the blows." *Koon*, *supra,* 34 F.3d at 1447 n. 25.

44. Plaintiff JOSHUA HATFIELD claims that Defendant JENNIFER ALVAREZ, is equally liable for the constitutional rights violations they suffered at the hands of Defendant JUSTIN FREUND due to the complete and utter failure of Defendant JENNIFER ALVAREZ to intervene/intercede therein.

45. Defendant JENNIFER ALVAREZ had a duty to intervene in the excessive force and deadly force perpetrated by Defendant JUSTIN FREUND against JOSHUA HATFIELD because Defendant JENNIFER ALVAREZ knew, or should have know, that given that JOSHUA HATFIELD was not an imminent threat in any form, any use of deadly force on JOSHUA HATFIELD would be unconstitutional. However, Defendant JENNIFER ALVAREZ failed to intervene despite having the opportunity to do. In fact, after the shooting, Defendant JENNIFER ALVAREZ said to Defendant JUSTIN FREUND words to the effect of "chill, chill, chill." However, such verbalization by Defendant JENNIFER ALVAREZ was after the shooting occurred and Defendant JENNIFER ALVAREZ should have intervened/intercede before the shooting occurred.

46. Therfore, Defendant JENNIFER ALVAREZ is equally liable for failing to intervene in the unlawful force against Plaintiff.

47. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, JOSHUA HATFIELD sustained injuries and damages.

48. Defendant JENNIFER ALVAREZ subjected JOSHUA HATFIELD to his wrongful conduct, depriving JOSHUA HATFIELD of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of JOSHUA HATFIELD and others would be violated by their acts and/or omissions. The conduct of Defendants entitles Plaintiff to punitive damages

allowable under 42 U.S.C. § 1983 and as provided by law.

49. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## THIRD CLAIM FOR RELIEF

**For Municipal Liability – Unconstitutional Policy, Custom, Or Practice**

(*Monell* – 42 U.S.C. § 1983)

**(By Plaintiff JOSHUA HATFIELD against Defendants LOS ANGELES POLICE DEPARTMENT and CITY OF LOS ANGELES)**

50. Plaintiff realleges and incorporates by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51. In *Monell*, the Supreme Court held that municipalities may be held liable under § 1983 only for constitutional violations resulting from official county custom or policy. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

52. As set forth in the foregoing claims for relief, Defendants JUSTIN FREUND and JENNIFER ALVAREZ, inclusive, committed clear and well-established violations of JOSHUA HATFIELD's constitutional rights, under color of law, and while acting within the course and scope of their employment as police officers with Defendants LAPD and CITY.

53. The complete and utter failure of the Defendants LAPD and CITY to redress systemic unconstitutional customs and practices and implement procedural safeguards, in all of the ways described in the paragraph to follow, is tantamount to an unconstitutional policy of inaction on account of the facts that: 1) certain unlawful customs or practices have been permitted to grow so widespread commonplace in their usage as to constitute standard operating procedures within the LAPD; and 2) the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights set forth herein that the policymakers of the Defendants LAPD and CITY, can be reasonably regarded as deliberately indifferent to this need.

54. On and for some time prior to September 23, 2022, (and continuing to the present date), Defendants LAPD and CITY, acting with reckless and deliberate indifference to the rights and liberties of the public in general, and of JOSHUA HATFIELD and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

A. Permitting officers such as Defendant JUSTIN FREUND to shoot members of the public that posed no danger or threat of physical harm to any peace officers, nor to any other citizens, such as JOSHUA HATFIELD;

B. Permitting officers such as Defendant JUSTIN FREUND, to shoot members of the public such as JOSHUA HATFIELD despite being unarmed;

C. Permitting officers such as Defendant JENNIFER ALVAREZ to not intervene despite physically seeing another officer engage in using excessive force.

D. Permitting officers to use deadly force even after officers have already used deadly force and a perceived threat has been neutralized;

E. Failing to correct repeated excesses of force, and to adequately train, instill, and retrain personnel on the appropriate standards thereof, de-escalation techniques, familiarity with "less-than-lethal" alternatives to deadly force, and confidence in their reliance thereon.

F. Employing and retaining personnel, including the individual defendants, who are known or reasonably could have been discovered to have high propensities for abusing their authority, omitting crucial duties, mistreating civilians, resorting to excessive force, and failing to follow established agency policies respecting interactions with civilians and their civil rights;

G. Maintaining vastly inadequate procedures and follow through, if any, for the reporting, investigating, supervising, disciplining, and correcting of intentional misconduct and/or gross negligence by personnel, including the

individual defendants;

H. Consistently ratifying the intentional misconduct and/or gross negligence of personnel, either through direct endorsements or sustained acquiescence, and thereby fostering a culture of impunity conducive to rampant misconduct and/or flagrance;

I. Encouraging, accommodating, or facilitating a "code of silence" among personnel, including the individual defendants, pursuant to which false reports are routinely generated, abuses of power covered up, and whistleblowers discouraged or ousted from law enforcement;

J. Actively facilitating the transfer of problem personnel to other stations, divisions, positions, or to other law enforcement agencies altogether, to essentially "bury," erase, dilute, hide, spread out, etc., these problem actors and their misconduct, thereby allowing them to evade discipline and, likewise, shielding the departments from accountability;

K. Allowing law enforcement personnel to encourage, intimidate, and compel others to "work in gray," or maintain a "code of silence" or "blue code," regarding unconstitutional abuses in order to collectively insulate each other from accountability, attract and recruit problematic individuals to law enforcement, and improperly or expeditiously promote problem actors into positions of supervision or authority within the department; and

L. The many other abuses of power and/or breaches of duty not specifically identified herein.

55. The structural and administrative features set forth above-regardless of whether expressly adopted, informally entrenched as *de facto* customs or practices due to their widespread and longstanding character, or having materialized in the absence of foreseeably necessary safeguards-all constitute standard operating procedures within Defendants LAPD and CITY.

///

56. Clearly, Defendants JUSTIN FREUND and JENNIFER ALVAREZ acted pursuant to the foregoing customs and practices, and were the moving force behind JOSHUA HATFIELD's constitutional violation.

57. As a direct consequence of these realities, the public has endured pervasive misuses of force and/or police killings, lost considerable trust and grown increasingly fearful of local law enforcement, and sustained the exorbitant costs of individualized trauma, family and community destruction, and the perpetual hemorrhaging of public resources in remediation rather than prevention of these problems. In the aggregate, these consequences undermine public safety, well-being, liberty, and equity so severely that all CITY residents are worse off.

58. The perpetual torrent of civilian complaints, litigation, and scrutiny by local, state, and national media, academia, and government officials, has rendered the dire state of affairs within the LAPD unignorable and undeniable. At some point well before the brutalization of JOSHUA HATFIELD, Defendants LAPD and CITY, and each of the individual supervisory officials thereof, whether named or unnamed, achieved actual or constructive knowledge of the forgoing policies, customs, and practices. Nevertheless, Defendants LAPD and CITY, by and through its final policymakers, has persisted in tolerating, condoning, or ratifying the above-referenced policies, customs, and practices with deliberate indifference to their unconstitutionality and foreseeable consequences, not least of which resemble those suffered by JOSHUA HATFIELD and other individuals similarly situated.

59. But for the sustained deliberate indifference of the Defendants LAPD and CITY, and the final policymakers thereof, to the absence or utter inadequacy of procedural safeguards so obviously necessary to the prevention of these readily foreseeable harms, the shooting and brutalization of JOSHUA HATFIELD would, to a reasonable certainty, not have occurred. Therefore, the above-referenced policies, customs, and practices adopted, maintained, or still tolerated by Defendants LAPD and CITY, and the final policymakers thereof, are so inextricably connected to the

unconstitutional acts and omissions of the individual Defendants as to have been the moving force behind them.

60.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants LAPD and CITY, as described above, Plaintiff suffered injuries and Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants LAPD and CITY.

61.     As a direct and proximate result of Defendants DOES 1-10's acts and/or omissions as set forth above, JOSHUA HATFIELD, sustained injuries and damages.

62.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

63.     Accordingly, Defendants LAPD and CITY, should not be held any less liable for the harms alleged in all other Claims for Relief, that it caused JOSHUA HATFIELD through its employees, who at all times acted or failed to act pursuant to the LAPD and CITY' own policy of inaction, as previously set forth.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability - Failure to Train**

**(42 U.S.C. § 1983)**

**(By Plaintiff JOSHUA HATFIELD against Defendants LOS ANGELES POLICE DEPARTMENT and CITY OF LOS ANGELES)**

64.     Plaintiffs reallege and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

65.     "[T]he inadequacy of police training may serve as the basis for § 1983 liability inly when the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Flores v. County of Los Angeles*, 758 F.3d 1154, 1158 (9th Cir. 2014) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

66.     Plaintiff JOSHUA HATFIELD claims that this constitutional violation was a result of the Defendants LAPD's and CITY's failure to train their employees.

67. At all relevant times, the individual defendants, were acting in the course of his employment with the Defendants LAPD and CITY under color of law. The actions and omissions of Defendants JUSTIN FREUND and JENNIFER ALVAREZ deprived JOSHUA HATFIELD of particular rights guaranteed under the laws and Constitutions of the United States and California, as set forth in the relevant, earlier claims for relief.

68. Defendants LAPD's and CITY's training of the Defendants JUSTIN FREUND and JENNIFER ALVAREZ did not adequately instill the necessary discipline, restraint, and respect for civil rights required of enforcement personnel, especially in light of the Defendants LAPD and CITY decision to continue to employ the Defendants JUSTIN FREUND and JENNIFER ALVAREZ despite their incompetence.

69. Indeed, on and for some time prior to September 23, 2022 (and continuing to the present date), Defendants LAPD and CITY acting with deliberate indifference to the rights and liberties of the public in general, and of JOSHUA HATFIELD, and of persons in his class, situation and comparable position in particular, failed to train their employees in the following regard:

　　a. Permitting officers such as Defendant JUSTIN FREUND to shoot members of the public that posed no danger or threat of physical harm to any peace officers, nor to any other citizens, such as JOSHUA HATFIELD;

　　b. Permitting officers such as Defendant JUSTIN FREUND, to shoot members of the public such as JOSHUA HATFIELD despite being unarmed;

　　c. Permitting officers such as Defendant JENNIFER ALVAREZ to not intervene despite physically seeing another officer engage in using excessive force.

///

    d. Permitting officers to use deadly force even after officers have already used deadly force and a perceived threat has been neutralized;

    e. Failing to correct repeated excesses of force, and to adequately train, instill, and retrain personnel on the appropriate standards thereof, de-escalation techniques, familiarity with "less-than-lethal" alternatives to deadly force, and confidence in their reliance thereon.

    f. Employing and retaining personnel, including the individual defendants, who are known or reasonably could have been discovered to have high propensities for abusing their authority, omitting crucial duties, mistreating civilians, resorting to excessive force, and failing to follow established agency policies respecting interactions with civilians and their civil rights;

    g. Maintaining vastly inadequate procedures and follow through, if any, for the reporting, investigating, supervising, disciplining, and correcting of intentional misconduct and/or gross negligence by personnel, including the individual defendants;

    h. Consistently ratifying the intentional misconduct and/or gross negligence of personnel, either through direct endorsements or sustained acquiescence, and thereby fostering a culture of impunity conducive to rampant misconduct and/or flagrance;

    i. Encouraging, accommodating, or facilitating a "code of silence" among personnel, including the individual defendants, pursuant to which false reports are routinely generated, abuses of power covered up, and whistleblowers discouraged or ousted from law enforcement;

    j. Actively facilitating the transfer of problem personnel to other stations, divisions, positions, or to other law enforcement agencies altogether, to essentially "bury," erase, dilute, hide, spread out, etc., these problem actors and their misconduct, thereby allowing them to evade discipline

and, likewise, shielding the departments from accountability;

k. Allowing law enforcement personnel to encourage, intimidate, and compel others to "work in gray," or maintain a "code of silence" or "blue code," regarding unconstitutional abuses in order to collectively insulate each other from accountability, attract and recruit problematic individuals to law enforcement, and improperly or expeditiously promote problem actors into positions of supervision or authority within the department; and

l. The many other abuses of power and/or breaches of duty not specifically identified herein.

70. Clearly, Defendants LAPD and CITY, were deliberately indifferent to the obvious consequences of its failure to train its deputies and employees adequately.

71. As a direct and proximate result of Defendants LAPD's and CITY's failure to train, as described above, Plaintiff suffered injuries and Plaintiff is entitled to damages, penalties, costs, and attorneys' fees against Defendants LAPD and CITY.

72. As a direct and proximate result of Defendants DOES 1-10's acts and/or omissions as set forth above, JOSHUA HATFIELD, sustained injuries and damages.

73. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## **REQUEST FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court enter a judgment as follows:

A. General Damages in excess of the mandatory amount for jurisdiction in United States District Court;

B. JOSHUA HATFIELD's pain, suffering, and emotional distress, pursuant to federal civil rights law;

C. Non-Economic Damages, according to proof plus all further and proper relief;

D. Punitive damages as to individual peace officer defendants;

E. Interest; and

F. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988;; and as otherwise may be allowed by federal law.

**Dated: June 16, 2024**          **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                  **A PROFESSIONAL LAW CORPORATION**

By: _/s/ Christian Contreras_
Christian Contreras, Esq.
Edwin S. Salguero, Esq.
Attorneys for Plaintiff,
JOSHUA HATFIELD

## **DEMAND FOR JURY TRIAL**

Plaintiff JOSHUA HATFIELD hereby makes a demand for a jury trial in this action.

**Dated: June 16, 2024**          **LAW OFFICES OF CHRISTIAN CONTRERAS**
                                  **A PROFESSIONAL LAW CORPORATION**

By: _/s/ Christian Contreras_
Christian Contreras, Esq.
Edwin S. Salguero, Esq.
Attorneys for Plaintiffs,
JOSHUA HATFIELD